UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| Appeal No. & Caption | 14-1063 Penny Browning v. United States of America |
|---|---|
| Originating No. & Caption | 5:13-cv-21980 Penny Browning v. United States of America |
| Originating Court/Agency | US District Court for the Southern District of West Virginia |

| Jurisdiction (answer any that apply) | |
|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C.S. 1291 |
| Time allowed for filing in Court of Appeals | 30 days |
| Date of entry of order or judgment appealed | December 23, 2013 |
| Date notice of appeal or petition for review filed | January 22, 2014 |
| If cross appeal, date first appeal filed | N/A |
| Date of filing any post-judgment motion | N/A |
| Date order entered disposing of any post-judgment motion | N/A |
| Date of filing any motion to extend appeal period | N/A |
| Time for filing appeal extended to | N/A |
| Is appeal from final judgment or order? | ◉ Yes   ○ No |
| If appeal is not from final judgment, why is order appealable? | |

| Settlement (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

01/30/2013
SCC

| Transcript (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| Case Handling Requirements (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | N/A | |
| Case number of any pending appeal in same case | N/A | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

   After suffering the loss of her uterus and other serious and permanent injuries, Plaintiff commenced her action in state court against individual health care providers and their employer, AccessHealth Associates in OBGYN on October 2, 2012 by filing Notices of Claim and Intent to file a screening certificate of merit pursuant to W.Va. Code §55-7B-6. On November 29, 2012, and within the 60 day period provided by law, Plaintiff served the Defendants with the legally required Screening Certificate of Merit. On December 3, 2012, and still well within the statutorily tolled limitations period provided by §55-7B-6(h), Plaintiff filed her Complaint.
   The original Defendants never responded to Plaintiff's Notices nor Complaint and in January, 2013, Plaintiff was granted a default judgment. It was only after default judgment was entered that the United States stepped in to the place of the Defendants, for the first time notifying Plaintiff that the original Defendants were, in fact, federal government employees and that the claim was therefore subject to the Federal Tort Claims Act (FTCA). The case was removed to the United States District Court for the Southern District of West Virginia where Plaintiff agreed to a dismissal order for the purpose of satisfying the prerequisites under the FTCA.            [CONTINUED ON ATTACHED PAGE]

**NATURE OF CASE**, Continued…                    Penny Browning v. US, 14-1063

After so doing, Plaintiff re-filed her claim in District Court under the protection of the "timeliness" standard of the Westfall Act savings clause (28 U.S.C.S. §2679(d)(5)). The Defendant then filed a Motion to Dismiss which the District Court granted, in error, based on a miscalculation of the statute of limitations governing the underlying state claim and in direct contradiction to nearly identical calculations earlier issued by the same District Court.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

(1) Did the District Court err in its calculation of the date upon which the tolled statute of limitations ran on Plaintiff/Appellant's original state law claim?

(2) Did the District Court, therefore, err in ruling that the "timeliness" standard of the Westfall Act savings clause did not apply to Plaintiff/Appellant's causes of action whereby erroneously granting Defendant's Motion to Dismiss?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| Adverse Party: United States of America | Adverse Party: |
|---|---|
| Attorney: John A. Woodcock<br>Address: U.S. Dept. of Justice- Civil Torts Branch<br>Ben Franklin Station<br>P.O. Box 888<br>Washington, DC 20044-0000 | Attorney:<br>Address: |
| E-mail: jack.woodcock@usdoj.gov | E-mail: |
| Phone: 202-616-4233 | Phone: |

**Adverse Parties (continued)**

| Adverse Party: | Adverse Party: |
|---|---|
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Penny Browning<br><br>Attorney: Sprague W. Hazard<br>Address: The Bell Law Firm, PLLC<br>30 Capitol Street<br>Charleston, WV 25301<br><br>E-mail: swhazard@belllaw.com<br><br>Phone: 304-345-1700 | Name: Penny Browning<br><br>Attorney: Rachel J. Goldfarb<br>Address: The Bell Law Firm, PLLC<br>1745 Shea Center Drive, Suite 482<br>Highlands Ranch, CO 80129<br><br>E-mail: rjgoldfarb@belllaw.com<br><br>Phone: 720-344-4899 |

| **Appellant (continued)** ||
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

Signature: *Rachel J. Goldfarb*   Date: 2/17/2014

Counsel for: Penny Browning, Appellant

**Certificate of Service:** I certify that on 2/17/2014 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary):

United States of America
John A. Woodcock
US Dept of Justice
Civil Division Torts Branch
Ben Franklin Station
P.O. Box 888
Washington, DC 20044

Signature: *Rachel J. Goldfarb*   Date: 2/17/2014